B104 (FORM 104) (08/07)

| **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER** (Court Use Only) 18-474 |
|---|---|

| **PLAINTIFFS** Theresa Dawn Royal, Aka Theresa Dawn Royal Brown | **DEFENDANTS** The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificateholders of the CWABS Inc., Asset-Backed Certificates, Series 2006-1 |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) Brock and Scott, PLLC 7564 Standish Place, Suite #115 Rockville, MD 20855 ( 410) 306-7821 | **ATTORNEYS** (If Known) Gene Jung, Esq. |

| **PARTY** (Check One Box Only) ☒ Debtor   ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor   ☐ Other ☐ Trustee | **PARTY** (Check One Box Only) ☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin ☒ Creditor   ☐ Other ☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

At issue is whether or not the Defendant has a valid and legal claim and therefore Standing to enforce the negotiable instrument as well as claim as a creditor. Under (Uniform Commercial Code) U.C.C. Article 3 - 301, it is necessary for the Defendant to establish a valid and legal proof of claim in order to have the authority to enforce the negotiable instrument. The power of enforcement is subject to " evidence of indebtedness". The Plaintiff hereby petitions this Honorable Court to render a Declaratory Judgment as to whether or not the Defendant has valid and legal claim on the loan as referenced in this case. In addition, forgery and notary fraud were also found which deems this original Note and Deed of Trust unenforceable.

---

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☒ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☒ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

U.S. BANKRUPTCY COURT DISTRICT OF MARYLAND 2018 DEC 11 PM 1:34

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 300,000 |

**Other Relief Sought**
a) Declare the Debt null and void, and unenforceable the Parties until such time as a real and boni fide party of interest presents itself.
b) Defendant releases all claims against Plaintiff in relations to this case due to lack of proof of claim and standing.
c) No further action can be taken against Plaintiff, including but not limited to foreclosure sale, Trustee sale, Quiet Title Action or collections.
d) Removes all derogatory reporting with the credit bureaus in relations to this case and reporting this account as " Settled in Full ".

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>THERESA DAWN ROYAL | BANKRUPTCY CASE NO.<br>18-20486-WIL | |
| DISTRICT IN WHICH CASE IS PENDING<br>MARYLAND | DIVISION OFFICE<br>GREENBELT | NAME OF JUDGE<br>Honorable Wendelin I. Lipp |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF<br>N/A | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

SIGNATURE OF ATTORNEY (OR PLAINTIFF)

*Theresa Dawn Royal*

| DATE<br>DECEMBER 11, 2018 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>THERESA DAWN ROYAL (PRO SE) |
|---|---|

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MARYLAND
## GREENBELT DIVISION

| | |
|---|---|
| THERESA DAWN ROYAL, AKA THERESA DAWN ROYAL BROWN PRO SE 12305 QUILT PATCH LANE BOWIE, MARYLAND<br><br>PLAINTIFF<br><br>vs.<br><br>THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS INC., ASSET-BACKED CERTIFICATES, SERIES 2006-1 (Notice to Agents is Notice to Principles Notice to Principles is Notice to Agents)<br><br>DEFENDANT | Adversary No.:<br><br>CASE NO.:  18-20486- WIL<br><br>CHAPTER 13<br><br><br>COMPLAINT FOR DECLATORY JUDGEMENT OF VERIFICATION OF DEBT |

# <u>DECLARATORY JUDGEMENT OF VERIFICATION OF DEBT</u>

**Reference Information**

Alleged Shellpoint Loan Number:          XXXXXX2480
Property Address:          12305 Quilt Patch Lane, Bowie, Maryland  20720

## I. Introduction

**COMES NOW**, Debtor and Plaintiff, **THERESA DAWN ROYAL** ("Plaintiff"), and

files this Complaint for Declaratory Judgement of Verification of Debt.

Defendant claims it has a security interest in the Plaintiffs' property which arises from a

promissory note and deed of Trust signed by Plaintiff Theresa Dawn Royal on December 14,

2005.

The alleged "note" indicates that the debt is payable to America's Wholesale Lender (AWL). That document is not endorsed by America's Wholesale Lender (AWL) to The Bank of New York Mellon FKA the Bank of New York, nor does it appear to be an original document. There is no legal assignment of said Deed of Trust to The Bank of New York Mellon FKA the Bank of New York.

Declaratory Judgment is sought by the Plaintiff to compel the Defendant to provide a **legal and valid** proof of claim besides a photocopy of the note made years ago.

A Promissory Note, like a check is a one of a kind negotiable instrument. One cannot take a photocopy of a check to a bank to cash it. It is for this reason that the original wet ink signature promissory note is a critical piece of material evidence to establish whether or not the Defendant is the Holder in Due Course (as governed under the Uniform Commercial Code), and if not, who is.

The main point at issue of this controversy is the right of enforcement of the Promissory Note by the Defendant as well as notary fraud and forgery being discovered.

## II. Jurisdiction and Venue

The subject Property is in Prince George's County and therefore falls under this Honorable Court's jurisdiction. The Plaintiff lives in Prince George's County and the Defendant is a corporation that has done extensive business in Prince George's County. The diverse citizenship of the litigants is covered under interstate commerce.

The Venue is in the United States Bankruptcy Court District of Maryland, Greenbelt Division.

2

## III. JUDICIAL NOTICE

Plaintiff moves this Honorable Court to take the following Mandatory Judicial Notice:

1) Under the Federal Rules of Civil Procedure Rule 201 (d) of the following:

    a. The United States Supreme Court, in *Haines v Kerner* 404 U.S. 519 (1972), said that all litigants defending themselves must be afforded the opportunity to present their evidence and that the Court should look to the substance of the complaint rather than the form.

    b. In *Platsky v CIA,* 953 F.2d 26 (2nd Cir. 1991), the Circuit Court of Appeals allowed that the District Court should have explained to the litigant proceeding without a lawyer, the correct form to the plaintiff so that he could have amended his pleadings accordingly.  Plaintiff respectfully reserves the right to amend this complaint.

2) Under the Federal Rules of Evidence:

In Omychund v Barker (1745) 1 Atk, 21, 49; 26 ER 15, 33, Lord Harwicke stated that no evidence was admissible unless it was "the best that the nature of the case will allow".

    a) Rule 1002. Requirement of Original

    To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by Act of Congress.

b) Rule 1003. Admissibility of Duplicates

A duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original.

c) Rule 901 (a). Requirement of Authentication or Identification

The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.

d) A Copy of a promissory note cannot be admitted as evidence unless is it authenticated.  In presenting evidence regarding the promissory note, a photocopy is considered a forgery for this purpose as its authenticity is at issue and it is unfair to admit the duplicate in lieu of the original.  Under Uniform Commercial Code, the original is required to have a chain of endorsements documenting the chain of title of ownership.  The original contains material evidence pertaining to who the **current** [emphasis] holder in due course that the duplicate (made years ago) cannot provide.


## IV. Standard of Review

The law provides that a pro se litigant's case must be accepted on substance and be liberally construed under F.R.Civ.P 8(e).  A pro se litigant cannot be held to the same standard as a BAR attorney.  The law provides that a pleading should be judged on the merits and not the form to afford justice to all.

## V. The Parties

1. The Plaintiff, Theresa Dawn Royal, is a natural person and resident of Prince George's County seeking bankruptcy protection. Theresa Dawn Royal is also the debtor of the loan.

2. The Defendant, The Bank of New York Mellon FKA the Bank of New York, is the alleged lender of this loan with adverse interest in the controversy.

3. Through a series of fraudulent transactions from the original lender, America's Wholesale Lender (AWL), The Bank of New York Mellon FKA the Bank of New York is claiming to be the current holder in due course and creditor in this action.

4. America's Wholesale Lender (AWL) is the original lender of the promissory note.

## VI. Statement of Facts

Plaintiff, Theresa Dawn Royal, did sign a promissory note and Deed of Trust with America's Wholesale Lender (AWL) on December 14, 2005.

It is the pattern and practice of banking institutions to bundle and trade "mortgage backed securities" trading and mortgage securitizations[1], therefore it is uncertain who is actually the note holder in due course of the Plaintiff's promissory note and Deed of Trust.

Therefore, it is reasonable for the Plaintiff to assume that her loan was also traded and to verify whether or not the Defendant has a valid claim, and the lawful right of enforcement of the alleged debt. Therefore, the Defendant is required to verify that Defendant has a valid and legal proof of claim and standing under FRBP Rule 3001 (d).

---

[1] See eg, James R. Barth et al., A Short History of the Subprime Market Meltdown 5 fig.2 (Milken Institute 2008), available at http://www.milkeninstitute.org/publications/publications.taf?function=detail&ID=38801038&cat=Papers (Showing that approximately 85% of all home mortgages originated in 2006 and 2007 were securitized)

The Plaintiff, Theresa Royal Brown, filed for Chapter 13 Bankruptcy protection on August 8, 2018 after repeated attempts by the servicer, Shellpoint Mortgage Servicing acting on behalf of the Defendant, The Bank of New York Mellon FKA the Bank of New York, to commence foreclosure proceedings.

The Plaintiff, Theresa Dawn Royal, also hired an independent, private mortgage investigator and found a number of TILA and RESPA violations as outlined in the claims below:

a. The Defendant, Bank of New York Mellon, filed a purported proof of claim Claim No. 2-1 in the amount of $621,457.92 for alleged principal balance, interest, escrow deficiency and fees due on said property 12305 Quilt Patch Lane, Bowie, Maryland 20720, a copy of which is annexed hereto as Exhibit "A."

b. The Proof of Claim fails to set forth any documentation demonstrating that the filer of the claim is the actual holder of a secured loan on Plaintiff's property or that its loan, if any, has been perfected.

c. The alleged original lender of the loan on the subject property was America's Wholesale Lender (AWL), a New York.  (See attached Note and Mortgage- Exhibit "B"). The Plaintiff was misled from day one as to who the actual lender was since Countrywide Mortgage was also listed in the loan documents as the lender, and to whom the Plaintiff originally paid mortgage payments. (See attached Interest Only Adjustable Rate Rider Loan Documents - Exhibit "C").

d. Plaintiff learned that AWL was never a corporation incorporated in the State of New York. (See Certification of State of New York Department of State- Exhibit "D").

e. In addition, to the best of Debtor's knowledge, Countrywide never filed a dba registration for AWL in the State of Maryland.

f.  AWL, which was never a legal entity, could thus, not be a member of Mortgage Electronic Registration Systems, Inc. (hereinafter "MERS"). MERS can only assign mortgage rights for its members. See Bank of New York v. Alderazzi, 2010 NY Slip Op 20167, 28 Misc 3d 376 (April 19, 2010).

g.  There was an Assignment of Deed of Trust, Maryland, apparently prepared by Ocwen dated July 10, 2013 and recorded on September 13, 2013 from MERS to Defendant, The Bank of New York Mellon as Trustee for CWABS, Inc. Asset-Backed Certificates, Series 2006-1. (See attached Assignment of Deed of Trust- Exhibit "E", MCI Chain of Title Analysis and Mortgage Investigation- Exhibit "F" and Affidavit of Joseph R. Esquivel, Jr- Exhibit "G"). As indicated above, MERS had no authority to assign the Assignment of Deed of Trust on behalf of America's Wholesale Lenders (AWL).

h.  The Closing Date of the Trust was February 10, 2006. (See attached MCI Chain of Title Analysis and Mortgage Investigation- Exhibit "F" and Affidavit of Joseph R. Esquivel, Jr- Exhibit "G").) The Pooling and Servicing Agreement for the Trust ("PSA") **requires** that any transfers to the Trust be done by the Trust Depositor CWABS, Inc., not MERS, and that all transfers to the Trust be done prior to the Closing Date of February 10, 2006 in order for there to be a **legal and valid** transfer of a loan to the Trust. (See attached MCI Chain of Title Analysis and Mortgage Investigation- Exhibit "F" and Affidavit of Joseph R. Esquivel, Jr- Exhibit "G"). And see Balch v. LaSalle Bank, 171 So.3d 207 (Fla. 3rd DCA 2015)

i.  The Trust is a Trust governed by the laws of the State of New York.  (See attached MCI Chain of Title Analysis and Mortgage Investigation- Exhibit "F"). Defendant has not complied with requirements of the applicable law to be the legal and valid holder or

owner of the Plaintiff's mortgage loan. Applicable New York Trust Laws provide that "Every sale, conveyance or other act of the trustee in contravention of the trust is void." New York EPTL § 7- 2.4. "Therefore, the acceptance of the note and mortgage by the trustee after the date the trust closed, would be void." Wells Fargo Bank, N.A. V. Erobobo (Apr. 29, 2013) 39 Misc. 3d 1220(A), 2013 WL 1831799, slip op.

j.  In America's Wholesale Lender (AWL) v. Pagano, No. 24447, (Appellate Court of Connecticut 2005), the Court held that since AWL was just a trade name and a trade name is not a legal entity with capacity to sue, America's Wholesale Lender (AWL) did not have standing to litigate the merits of the case. Also see America's Wholesale Lender (AWL) v. Silberstein, et. al., No. 24592, (Appellate Court of Connecticut 2005).

k.  The copy of the Note that was provided to Plaintiff by Maximum Title Group, Inc. does not contain an endorsement to transfer the loan (See attached Exhibit "B") and, therefore, the Note is only payable to the alleged original lender, America's Wholesale Lender (AWL). MD Code, Commercial Law, Title 3, Section 3-201, Negotiation, (b) provides: "(b)  Except for negotiation by a remitter, **if an instrument is payable to an identified person, negotiation requires transfer of possession of the instrument <u>and its indorsement by the holder</u>.** If an instrument is payable to bearer, it may be negotiated by transfer of possession alone." (Emphasis added). Plantiff's mortgage loan is made payable to America's Wholesale Lender (AWL), a non-existent entity.

l.  Defendant cannot be a holder in due course since they allegedly obtained an interest in the loan after the loan was in default. See MD Code, Commercial Law, Section 3-302.

m.  In addition, the State of Maryland Tax Assessor Records shows that Residential Credit Solutions is the owner of the debt. (See attached Exhibit "H")

n.  A Substitution of Trustee on behalf of Defendant was prepared by Ocwen on September 5, 2014 and recorded on April 21, 2015 (See attached Substitution of Trustee- Exhibit "I" and MCI Chain of Title Analysis and Mortgage Investigation- Exhibit "F"). The Substitution was improper because it was done by Ocwen as alleged attorney in fact for Defendant and no power of attorney to Ocwen was attached to the Assignment. See Maryland Code, Real Property Section 4-107(a).

o.  In Anderson v. Burson, 35 A.3d 452 (MD 2012) the Maryland Appellate Court stated: Securitization of residential mortgages, once a very lucrative practice, is denounced frequently now by the public and media, described as "shoveling loans into trusts like coal into the Titanic's boilers." Gretchen Morgenson, *Guess What Got Lost in the Pool?* N.Y. Times, 1 Mar. 2009, at BU1. At best, it is a modern, fast-paced commercial practice that misaligns with some of the hoary law of negotiable instruments secured by realty. Yet only since the advent of the recent economic downturn have courts been called upon to consider the claims of borrowers challenging some of these industry practices and shortcomings.  The Court continued on to say: The Maryland Code, Commercial Law Article governs a negotiable promissory note that is secured by a deed of trust. *Silver Spring Title Co. v. Chadwick,* 213 Md. 178, 181, 131 A.2d 489, 490 (1957); *Le Brun v. Prosise,* 197 Md. 466, 474-75, 79 A.2d 543, 548 (1951); Md.Code Ann., Com. Law § 9-203(g) & cmt. 9 (LexisNexis 2002). The deed of trust cannot be transferred like a mortgage; rather, the corresponding note may be transferred, and carries with it the security provided by the deed of trust. *Le Brun,* 197 Md. at 474, 79 A.2d at 548.

9

p.  Whether a negotiable instrument, such as a deed of trust note, is transferred or negotiated dictates the enforcement rights of the note transferee. See Svrcek v. Ocwen, 203 MD. App, 705 (March 2012)

q.  Defendant has not met the requirements of Maryland law to show that Defendant has a **valid and legal** interest in the Plaintiff's loan.

r.  Plaintiff, therefore, asserts that Defendant, as Trustee of the Trust, has no right to collect on Plaintiff's mortgage debt and therefore the Proof of Claim is invalid and not legally enforceable.


## VII. CAUSE OF ACTION

At issue is **whether or not the Defendant has a valid and legal claim and therefore Standing to enforce the negotiable instrument as well as claim as a creditor**.  Under (Uniform Commercial Code) U.C.C. Article 3 - 301, it is necessary for the Defendant to establish a **valid and legal** proof of claim in order to have the authority to enforce the negotiable instrument.

The power of enforcement is subject to "evidence of indebtedness".  The Plaintiff hereby petitions this Honorable Court to render a Declaratory Judgment as to whether or not the Defendant has **valid and legal** claim on the loan as referenced in this case.

In addition, after review of the original mortgage transaction and documents, there appears to be fraud and forgery that were found in the original documents. Therefore, the original mortgage note and deed of trust was fraudulent from the beginning and is an unenforceable contract.

10

### Elements of a Declaratory Judgment

1. There is a *bona fide*, actual, present, practical need for the declaration sought. *HERE*, the Defendant wishes to collect on a debt but has not provided any **valid or legal** proof of claim other than a photocopy of an instrument made years ago to an entity other than the Defendant. *THEREFORE*, a declaration is sought from this court to determine whether the Defendant has a **valid and legal** claim on the promissory note.

2. The declaration deals with present, ascertained or ascertainable state of facts or present controversy as to a state of facts. Anticipated future controversies will not support the action. *HERE*, the Defendant intends to sell the property in a Trustee Sale and claim standing as a creditor. *THEREFORE*, the declaration is required to resolve whether the Defendant has Standing to enforce the instrument and be named a Creditor in this action.

3. Some right, power, privilege, or immunity of the complaining party is dependent on the facts or the law applicable to the facts. *HERE*, the Plaintiff has the right to demand presentment of the original instrument under U.C.C. 3 § 501 (b) 2 (a).  It is uncertain who is the Holder in Due Course or whether the Defendant have any rights of enforcement. Under F.R.B.P. Rule 3001 (d), the Defendant must provide a **valid and legal** proof of claim of perfection of their security interest. *THEREFORE*, the Plaintiff motions this court to compel the Defendant to provide a **valid and legal** proof of claim.

4. Some person has or may have an actual, present, adverse, and antagonistic interest in the subject matter, either in fact or law. *HERE*, the Defendant claims to have the right of Holder in Due Course and seeks to enforce the negotiable instrument as a creditor.  As it is the pattern and practice of the banking industry to sell/assign notes that comes into their possession, the Plaintiff has the right to know who is the real party of interest in this subject matter. *THEREFORE*, the

declaration is required to clarify each party's position in this controversy.

5. The adverse and antagonistic interest is before the court by proper process or class representation. *HERE*, there is genuine adverse interest.  The Defendant wishes to foreclose on the subject property and claim standing as a creditor but have not provided **valid and legal** proof of claim as defined under Maryland Commercial Code nor F.R.B.P. Rule 3001 (d).  THUS, intervention of the court is sought to clarify the Defendant's position and the rights of the Plaintiff.

6. The relief sought is not merely the giving of legal advice by the court or an answer to questions founded merely in curiosity. *HERE*, an absolute declaration is petitioned before this court to adjudicate the rights of each party involved in this controversy.  The Defendant wishes to enforce the note and claim standing as a creditor but has not provided a **valid or legal** proof of claim.  THUS, a declaration is needed to compel the Defendant to either provide a **valid and legal proof of claim** or release their claim over the Plaintiff.

7. Upon extensive review of the mortgage note and transaction on said property, 12305 Quilt Patch Lane, Bowie, Maryland  20720, Page 6 and Page 12 of both the first and second mortgages on the property is a notary page. (Pages 6 and 12 – the original mortgage documents are on legal sheets therefore the top and bottom of the alleged notary pages are copied and attached -Exhibit J). Notice on both pages that the name of the Plaintiff, Theresa D. Royal is written in long hand and is not Plaintiff's handwriting and is not an original "wet ink" signature as is customary for notarized documents in the state of Maryland.  In addition, there is no Notary seal affixed, nor did the Closer, Carrie Hellbach, sign the document.

8.  Moreover, the initials at the bottom of the page were not initialed by the Plaintiff and Plaintiff contends that her initials were forged on both notary documents in this Deed of Trust.  Plaintiff also contends that she did not make any oaths to said Notary Public, Sharon G. Fowler, nor was Ms. Fowler at the Maximum Title Office where this mortgage transaction took place on December 14, 2005.

9. In addition, there is another person listed, Wanda DeBord, for Anne Arundel County.  The said property is in Prince George's County, Maryland and Plaintiff has no knowledge of who Ms. Debord is or what role she plays in this mortgage transaction.  This document is a complete fabrication.  (Please also thoroughly review the MCI Chain of title Analysis and Mortgage Investigation – Exhibit "F").  Therefore, Plaintiff concludes the entire original mortgage note and deed of trust was fraudulent and is an unenforceable contract.

*In conclusion*, having fulfilled all the elements of the declaratory judgment, this court has subject matter jurisdiction to declare the rights of each party in this clear and present controversy involving the promissory note, who the real parties of interest are and who has standing to enforce the negotiable instrument as a creditor.


## VIII. PRESUMPTIONS OF LAW REBUTTED

### 1) The Defendant Has Valid Standing to Enforce the Note

It is the presumption that the Defendant has **valid and legal** Standing to Enforce the promissory note.

The Plaintiff hereby motions the court to take judicial notice that the Plaintiff is rebutting this presumption.  This right of enforcement is at issue.

**IX. Claims**

**1) The Defendant has no Standing to Enforce the Negotiable Instrument**

It is <u>pattern and practice</u> of banking institutions to sell and/or assign loans, therefore it is uncertain who is actually the **current** [emphasis] note holder in due course and who is entitled to enforce the promissory note.  This is evident by the fact that the original lender is listed as America Wholesale Mortgage (AWL), but the note also listed Countrywide Mortgage as the lender.  While the current claimant is The Bank of New York Mellon FKA the Bank of New York.

At issue is who the Holder is and whether the Defendant has the authority of or from the Holder.  Under U.C.C. 3 - 301, the authority to enforce the promissory note comes directly from the Holder in Due Course.  **Under F.R.B.P. Rule 3001 (d), the Defendant must provide valid proof of claim as a creditor.**  Specifically, the Defendant **must provide evidence of perfected security interest**.

Federal Circuit Courts have ruled that the only way to prove the perfection of any security is by **actual possession of the security**. See Matter of Staff Mortg. & Inv. Corp., 550 F.2d 1228 (9th Cir 1977).  Unequivocally the Court's rule is that in order to prove the "instrument", possession is mandatory.

Under U.C.C. 3 - 501 (b) 2 (a) the original wet ink signature promissory note is the only allowable evidence as proof of claim.  The original promissory note is **critical material evidence** [emphasis] to support the Defendant's proof of claim as it contains the only valid and legally binding chain of title of assignment on the negotiable instrument and identifies who the last legal Holder in Due Course.  A photocopy of the instrument made years ago is insufficient

**valid or legal proof of claim** and is rejected by the Plaintiff[2] as it does not provide any evidence as to who the ***current*** [emphasis] Holder in Due Course is.

Under U.C.C. 3 - 308 (a), the signature in an instrument denied by the Party under whom enforcement is required is not admissible. The burden of proof must be bore by the Party seeking enforcement (the Defendant). Therefore, for the purpose of this controversy, all photocopies of the promissory note is considered a forgery as the signature on any photocopy supplied by the Defendant cannot be verified, and its authenticity is disputed.

If Defendant cannot show they are a Note Holder in Due Course nor establish lawful authority from the true Note Holder in Due Course, then they have no Standing to have the right of enforcement or claim as a creditor.


**2) MERS has no Lawful Authority to Assign the Note and Deed of Trust.**

MERS (Mortgage Electronic Registration Systems) electronically tracks the transfer of title between assignments of the promissory note for the purpose of securitization tracking.

United States Bankruptcy Court for the Eastern District of California issued a ruling dated May 20, 2010 in the matter of <u>In Re: Walker</u> that is on point in Case No. 10-21656-E-11, stating that "MERS is not the owner of the underlying note and therefore could not transfer the note, the beneficial interest in the deed of trust, or foreclose on the property secured by the deed".

No record document suggests that America's Wholesale Lender (AWL) transferred its beneficial interest to The Bank of New York Mellon FKA the Bank of New York.

---

[2] *Indymac Bank v. Boyd*, 880 N.Y.S.2d 224 (2009).

The Plaintiff motions this Court to take Judicial Notice of the Memorandum in Support of the Declaratory Judgment for this case.

Therefore, the assignment on the Substitution of Trustee (see Exhibit "H") has no validity and the Defendant is not a real party of interest. The Defendant lacks the authority to enforce the instrument nor claim to be a creditor in this action.

## 3) The Defendant lacks Standing as a Creditor in this controversy.

Fed. R. Civ. P. 17 states "an action must be prosecuted in the name of the real party of interest." The standing doctrine "involves both constitutional limitations on federal court jurisdiction and prudential limitations on its exercise." Kowalski v. Tesmer, 543 U.S. 125, 128-29, 125 S. Ct. 564, 160 L. Ed. 2d 519 (2004) (quoting Warth v. Seldin, 422 U.S. 490, 498, 95 S. Ct. 2197, 45 L. Ed. 2D 343 (1975)). Constitutional standing under Article III requires, at a minimum, that a party must have suffered some actual or threatened injury as a result of the defendant's conduct, that the injury be traced to the challenged action, and that it is likely to be redressed by a favorable decision. (Valley Forge Christian Coll. V. Am. United for Separation of Church and State, 454 U.S 464, 472, 102 S. Ct. 752, 70 L. Ed. 2d 700 (1982) (citations and internal quotations omitted)). Beyond the Article III requirements of injury in fact, causation, and redressibility, the creditor must also have prudential standing, which is a judicially-created set of principles that places limits on the class of persons who may invoke the courts' powers. (Warth v. Seldin, 422 U.S. 490, 499, 95 S. Ct. 2197, 45 L.Ed. 2d 343 (1975)). As a prudential matter, a plaintiff must assert "his own legal interests as the real party in interest". (Dunmore v. United States, 358 F.3d 1107, 1112 (9th Cir. 2004), as found in Fed. R. Civ. P 17, which provides "an action must be prosecuted in the name of the real party of interest."

16

In order to have Standing in this controversy, the Defendant must show that they are a real party of interest (*Patton v. Diemer,* 35 Ohio St. 3d 68; 518 N.E.2d 941; 1988), In re Weisband v. GMAC, UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF ARIZONA. Case No. 4:09-bk-05175-EWH.

Under Generally Accepted Accounting Principles, a Creditor is defined as a party who has Debited his account and Credits the Debtor. [3], [4]

If the Defendant cannot show actual loss as a result of the **issuance of the loan**, they are not a real party of interest and therefore do not have Standing in this controversy.

Fed. R. Civ. P. 17 states "an action must be prosecuted in the name of the real party of interest." The standing doctrine "involves both constitutional limitations on federal court

### 4) Forgery and Notary Fraud Found

Upon extensive review of the mortgage note and transaction on said property, 12305 Quilt Patch Lane, Bowie, Maryland  20720, Page 6 and Page 12 of both the first and second mortgages on the property is a notary page. (Pages 6 and 12 – the original mortgage documents are on legal sheets therefore the top and bottom of the alleged notary pages are copied and

---

[3] "Neither, as included in its powers not incidental to them, is it a part of a bank's business to lend its credit.  If a bank could lend its credit as well as its money, it might, if it received compensation and was careful to put its name only to solid paper, make a great deal more than any lawful interest on its money would amount to.  If not careful, the power would be the mother of panics . . . Indeed, lending credit is the exact opposite of lending money, which is the real business of a bank, for while the latter creates a liability in favor of the bank, the former gives rise to a liability of the bank to another.  *I Morse. Banks and Banking* 5th Ed. Sec 65; *Magee, Banks and Banking*, 3rd Ed. Sec 248." *American Express Co. v. Citizens State Bank,*  181 Wis. 172, 194 NW 427 (1923).

[4] "A bank is not the holder in due course upon merely crediting the depositors account." *Bankers Trust v. Nagler,* 23 A.D.2d 645, 257 N.Y.S.2d 298 (1965).

attached -Exhibit J). Notice on both pages that the name of the Plaintiff, Theresa D. Royal is written in long hand and is not Plaintiff's handwriting and is not an original "wet ink" signature as is customary for notarized documents in the state of Maryland. In addition, there is no Notary seal affixed, nor did the Closer, Carrie Hellbach, sign the document.

Moreover, the initials at the bottom of the page were not initialed by the Plaintiff and Plaintiff contends that her initials were forged on both notary documents in this Deed of Trust. Plaintiff also contends that she did not make any oaths to said Notary Public, Sharon G. Fowler, nor was Ms. Fowler at the Maximum Title Office where this mortgage transaction took place on December 14, 2005. In addition, there is another person listed, Wanda DeBord, for Anne Arundel County. The said property is in Prince George's County, Maryland and Plaintiff has no knowledge of who Ms. Debord is or what role she plays in this mortgage transaction. This document is a complete fabrication. (Please also thoroughly review the MCI Chain of title Analysis and Mortgage Investigation – Exhibit "F"). Therefore, Plaintiff concludes the entire original mortgage note and deed of trust was fraudulent and is an unenforceable contract.

## X. CONCLUSION

If the Defendant wishes to claim standing as a creditor, they must first provide proof that they are in fact entitled to enforce the security instrument. Much like making payments for a stolen vehicle, under Maryland Commercial Code, the Debtor is entitled to demand proof of ownership of the Note and/or written authority from the boni fide holder in due course from the Defendant.

If the Defendant cannot produce a legal, valid proof of claim, then they are not a real party of interest and therefore have no Standing in this controversy and must be removed from the record as a creditor against the Plaintiff and their property.

## XI. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully moves this Honorable Court enter a judgment ordering the following remedies:

a) Declare the Debt null and void, and unenforceable between the Parties until such time as a real and boni fide party of interest presents itself.

b) Defendant releases all claims against Plaintiff in relations to this case due to lack of proof of claim and standing.

c) No further action can be taken against Plaintiff, including but not limited to foreclosure sale, Trustee sale, Quiet Title Action or collections due to the notary fraud and forgery discovered which deems the original Deed of Trust and Note unenforceable.

d) Removes all derogatory reporting with the credit bureaus in relations to this case and reporting this account as "Settled in Full".

e) Mark this Note as "Settled in Full" for the Defendant's own record as well as all public records including but not limited to; all credit bureaus and county records.

f) Return all monies collected on this transaction to date with the same interest as the original promissory note, calculated from the date of the loan, paid in one lump sum within 30 days

g) Order the Defendant and/or the **Trustee on the Deed of Trust** to issue a full reconveyance on the Deed of Trust within 30 days.  Failing this, after which, authorize the Plaintiff to reconvey the property and declare the Deed of Trust null and void.

h) Any and all other remedies appropriate and necessary deemed by this Honorable Court.

Dated this 11th day of December, 2018.

Respectfully submitted,

*/s/Theresa Dawn Royal*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of December, 2018 a true and correct copy of this foregoing

Adversary Proceeding Complaint for Declaratory Judgement of Verification of Debt was filed

with the Clerk of the Bankruptcy Court for the District of Maryland and was served on the

following parties in the manner described below:

**First Class Mail**:

Gene Jung, Esq., Counsel for Movant

Brock & Scott, PLLC

7564 Standish Place, Ste. #115

Rockville, MD 20855

Timothy P. Branigan, Chapter 13 Trustee

9891 Broken Land Pkwy., Ste. #301

Columbia, MD 21046

/s/ *Theresa Dawn Royal*
Theresa Dawn Royal, Debtor, Pro Se

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MARYLAND
### GREENBELT DIVISION

Date:   December 11, 2018

| | |
|---|---|
| Theresa Dawn Royal,<br>Aka Theresa Dawn Royal Brown  Pro Se<br>12305 Quilt Patch Lane<br>Bowie, Maryland  20720<br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>THE BANK OF NEW YORK MELLON FKA<br>THE BANK OF NEW YORK, AS TRUSTEE<br>FOR THE CERTIFICATEHOLDERS OF THE<br>CWABS INC., ASSET-BACKED<br>CERTIFICATES, SERIES 2006-1<br>(Notice to Agents is Notice to Principles<br>Notice to Principles is Notice to Agents)<br>　　　　　　　Defendant. | CASE NO.:  18-20486- WIL<br><br>CHAPTER 13<br><br>MEMORANDUM IN SUPPORT<br>OF DECLARATORY JUDGMENT |

## <u>MEMORANDUM IN SUPPORT OF DECLARATORY JUDGMENT</u>

Plaintiff, Theresa Dawn Royal submits this Memorandum in Support of the Declaratory Judgment.

## <u>SUMMARY</u>

At issue is who the Holder is and whether the Defendant has the authority of or from the Holder.  There is no evidence that supports the Defendant as having any authority to claim the position of creditor.

In addition, after review of the original mortgage transaction and documents, there appears to be fraud and forgery that were found in the original loan documents.

1

Therefore, the original mortgage note and deed of trust was fraudulent from the beginning and is an unenforceable contract.

## **ARGUMENTS**

### **There is no real evidence that supports the Defendant as having any authority to claim the position of creditor because no valid and legal claim has been produced.**

As the debt is a negotiable instrument, the Uniform Commercial Code is applicable in determining the rights and obligations of each party.

Under the Uniform Commercial Code (UCC), the authority to enforce the promissory note comes directly from the Holder in Due Course. The Uniform Commercial Code (UCC) also states:

"Person entitled to enforce" an instrument means (a) the holder of the instrument, (b) a non-holder in possession of the instrument who has the rights of a holder, or (c) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to the Uniform Commercial Code (UCC). A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.

2

Wherein, to enforce the note, the claimant must either be the holder of the instrument or have the rights of a holder (Massachusetts In re Schwartz, 366 B.R.265 (Bankr. D. Mass. 2007)). The Defendant has not provided evidence to support this.

Under F.R.B.P. Rule 3001 (d), the Defendant must provide a **legal and valid** proof of claim as a creditor and states:

**Rule 3001(d) Evidence of perfection of security interest.**

If a security interest in property of the debtor is claimed, the proof of claim shall be accompanied by evidence that the security interest has been perfected.

HERE, the Defendant have not provided any valid proof of claim as evidence by CA.C.C. 3501 (b) 2 (a) which states:

(2) Upon demand of the person to whom presentment is made, the person making presentment shall **(A) exhibit the instrument** [emphasis], (B) give reasonable identification and, if presentment is made on behalf of another person, reasonable evidence of authority to do so, and (C) sign a receipt on the instrument for any payment made or surrender the instrument if full payment is made.

The original promissory note is **critical material evidence** [emphasis] to support the Defendant's proof of claim as it contains the only valid and legally binding chain of title of assignment on the negotiable instrument and identifies who the last legal Holder in Due Course. A photocopy of the instrument made years ago is insufficient proof of claim (*Indymac Bank v. Boyd*, 880 N.Y.S.2d 224 (2009) and Nosek v. Ameriquest Mortgage Company (In re Nosek), 286 Br. 374 (Bankr D Mass. 2008).) and is rejected by the Plaintiff as it does not provide any

3

evidence as to who the **_current_** [emphasis] Holder in Due Course is.   There is no evidence of the transfer from the original lender to the Defendant.

Under the Uniform Commercial Code (UCC), the signature in an instrument denied by the Party under whom enforcement is required is not admissible.  The burden of proof must be bore by the Party seeking enforcement (the Defendant).   Therefore, for the purpose of this controversy, all photocopies of the promissory note is considered a forgery as the signature on any photocopy supplied by the Defendant cannot be verified, and its authenticity is disputed.

If Defendant cannot show they are a Note Holder in Due Course or establish lawful authority from the true Note Holder in Due Course, then they have no Standing to have the right of enforcement.(521 F. Supp. 2d S.D. Ohio 2007) and Illinois U.S. Bank, N.A. v. Cook, 2009 WL 35286 (N.D. Ill. January 6, 2009).)

**MERS has no Lawful Authority to Assign the Note and Deed of Trust.**

MERS (Mortgage Electronic Registration Systems) electronically tracks the transfer of title between assignments of the promissory note for the purpose of securitization tracking.

United States Bankruptcy Court for the Eastern District of California has issued a ruling dated May 20, 2010 in the matter of In Re: Walker, Case No. 10-21656-E-11,  stating that "MERS is not the owner of the underlying note and therefore could not transfer the note, the beneficial interest in the deed of trust, or foreclose on the property secured by the deed", citing In Re Vargas (California Bankruptcy Court), Landmark v. Kesler (Kansas Supreme Court decision as to lack of authority of MERS), LaSalle Bank v. Lamy (New York), and In Re Foreclosure

Cases (the "Boyko" decision from Ohio Federal Court CASE NO. NO.1:07CV2282, 07CV2532, 07CV2560, 07CV2602, 07CV2631, 07CV2638, 07CV2681, 07CV2695 , 07CV2920, 07CV2930, 07CV2949, 07CV2950, 07CV3000, 07CV3029).

The alleged "note" indicates that the debt is payable to America's Wholesale Lender (AWL).  That document is not endorsed by America's Wholesale Lender (AWL) to The Bank of New York Mellon FKA the Bank of New York, nor does it appear to be an original document.  There is no legal assignment of said Deed of Trust to The Bank of New York Mellon FKA the Bank of New York.  Transfer of mortgage paper may be made outright (sale) or by pledge (as a security for a loan to the transferor.).   In either event, to perfect the transfer, a sale of the note could be invalidated as a fraudulent conveyance under (Civil Code 3440), and transfer in pledge could be invalidated as an unperfected (under Com Code 9313-9314).

One without a pecuniary interest in the Mortgage Loan is not an obligee under the debt and, thus, has no legal standing to foreclose ab initio. (Watkins v. Bryan (1891) 91 C 492, 27 P 77).

The Note is not a bearer instrument, but is an instrument payable to a specific identified person.  Under the Uniform Commercial Code (UCC),

    (a) A promise or order is payable to bearer if it is any of the following:

        a.  States that it is payable to bearer or to the order of bearer or otherwise indicates that the person in possession of the promise or order is entitled to payment.

        b.  Does not state a payee.

c. States that it is payable to or to the order of cash or otherwise indicates that it is not payable to an identified person.

(b) A promise or order that is not payable to bearer is payable to order if it is payable (1) to the order of an identified person or (2) to an identified person or order. A promise or order that is payable to order is payable to the identified person.

(c) An instrument payable to bearer may become payable to an identified person if it is specifically indorsed. An instrument payable to an identified person may become payable to bearer if it is indorsed in blank.

A promissory note that is payable to a specifically identified person is not transferred merely by possession; instead, transfer requires that it be endorsed. Under the Uniform Commercial Code (UCC), it states:

(a) "Negotiation" means a transfer of possession, whether voluntary or involuntary of an instrument by a person other than the issuer to a person who thereby becomes its holder.

(b) Except for negotiation by a remitter, if an instrument is payable to an identified person, negotiation requires transfer of possession of the instrument and its endorsement by the holder. If an instrument is payable to bearer, it may be negotiated by transfer of possession alone.

An endorsement is not made by purchasing a note, or by purchasing a debt, by an assignment, instead, an endorsement is made by the signature of the specifically identified person to whom the note is owed. Maryland Commercial Code states:

6

(a)     "endorsement" means a signature, other than that of a signer as maker, drawer, or acceptor, that alone or accompanied by other words is made on an instrument for the purpose of (1) negotiating the instrument, (2) restricting payment of the instrument, or (3) incurring endorser's liability on the instrument, but regardless of the intent of the signer, a signature and its accompanying words is an endorsement unless the accompanying words, terms of the instrument, place of the signature, or other circumstances unambiguously indicate that the signature was made for a purpose other than endorsement. For the purpose of determining whether a signature is made on an instrument, a paper affixed to the instrument is a part of the instrument.

(b)     "Endorser" means a person who makes an endorsement.

(c)     For the purpose of determining whether the transferee of an instrument Is a holder, an endorsement that transfers as a security interest in the instrument is effective as an unqualified endorsement of the instrument.

(d)     If an instrument is payable to the holder under a name that is not the name of the holder, endorsement may be made by the holder in the name stated in the instrument or in the holder's name or both, but signature in both names may be required by a person paying or taking the instrument for value or collection.

If one bought a note and intends to enforce it, but the note does not carry the endorsement of the payee, that person can bring an action in court to specifically enforce the right to an

7

endorsement.  Then, once that is done, the creditor can enforce the note against its maker.  The

Uniform Commercial Code (UCC) states:

(a) An instrument is transferred when it is delivered by a person other than its issuer for

the purpose of giving to the person receiving delivery the right to enforce the

instrument.

(b) Transfer of an instrument, whether or not the transfer is a negotiation, vests in the

transferee any rights of the transferor to enforce the instrument, including any right as

a holder in due course, but the transferee cannot acquire the rights of the holder in due

course by a transfer, directly or indirectly, from a holder in due course if the

transferee engaged in fraud or illegality affecting the instrument.

(c) Unless otherwise agreed, if an instrument is transferred for value and the transferee

does not become a holder because of lack of endorsement by the transferor, the

transferee has a specifically enforceable right to the unqualified endorsement of the

transferor, but negotiation of the instrument does not occur until the endorsement is

made.

(d) If a transferor purports to transfer less than the entire instrument, negotiation of the

instrument does not occur.  The transferee obtains no rights under this division and

has only the rights of a partial assignee.

Stay-relief requests are governed by Fed. R. Bankr. P. 4001(a)(1), to which Fed. R.Bankr.P.

9014 is applicable. Rule 9014, in turn, incorporates Rule 7017, which makes Fed.R.Civ.P. 17

applicable ("an action must be prosecuted in the name of the real party of interest.")

8

In *In re Mitchell*, Case No. BK-S-07-16-16226-LBR (Bankr.Nev. 3/31/2009) (At page 10) the Court found that "MERS does not have standing merely because it is the alleged beneficiary under the deed of trust.  It is not a beneficiary and, in any event, the mere fact that an entity is named beneficiary of a deed of trust is insufficient to enforce the obligation."

In *In re Maisel*, the Bankruptcy Court for the District of Massachusetts found that a lender did not have standing to seek relief from its motion for relief. 378 B.R. 19, 22 (2007) "Where the mortgagee has 'transferred' only the mortgage, the transaction is a nullity and his 'assignee,' having received no interest in the underlying debt or obligation, has a worthless piece of paper." (4 RICHARD R. POWELL, POWELL ON REAL PROPERTY, § 37.27[2] (2000); In re Mitchell, Case No. BK-S-07-16226-LBR (Bankr. Nev. 3/31/2009) (At page 12) MERS website admits at pages (10, 20, 22, 26, 34, 38, 40, 42, 44, 46, 62, 68, 72, 76, 78, 88, 89, 99:

> MERS stands in the same shoes as the servicer to the extent that it is not the beneficial owner of the promissory note. An investor, typically a secondary market investor, will be the ultimate owner of the note. (fn)
>
> Foot Note:
>
> Even though the servicer has physical custody of the note, custom in the mortgage industry is that the investor (Fannie Mae, Freddie Mac, Ginnie Mae or a private investor) owns the beneficiary rights to the promissory note.

In consolidated cases of In re Foreclosure Cases, 521 F. Supp. 2D 650, 653 (S.D. Oh. 2007), a standing challenge was made and the Court found that there was no evidence of record that New Century ever assigned to MERS the promissory note or otherwise gave MERS the

authority to assign the note.  Beginning with this case, courts around the country started to

recognize that MERS had no authority in the notes and could not transfer an interest in a

mortgage upon which foreclosure could be based.


   Plaintiff motions this Court to take mandatory judicial notice of the following Supreme
Court cases:

   Kansas Supreme Court in re: Landmark Nat'l Bank v. Kesler, 2009 Kan. LEXIS 834
   (Aug 28, 2009)

   and

   Maine Supreme Court in re: MERS v. Saunders
   and

   Massachusetts Supreme Court in re: U.S. BANK NATIONAL ASSOCIATION,

   *vs.* Antonio IBANEZ

in support of Plaintiff's Quiet Title Action in which both Supreme Courts ruled against MERS.


   On August 28, 2009, the Kansas Supreme Court issued a landmark ruling regarding the

standing, rights and interests of MERS in Landmark Nat'l Bank v. Kesler, 2009 Kan. LEXIS 834

(Aug 28, 2009). The decision also addressed the role MERS plays in providing an opaque veil

that clouds not only the actual real ownership of the promissory note, but title to the property.


   In Landmark Nat'l Bank v. Kesler, MERS was the appellant who sought to invoke due

process rights which it said were violated when MERS failed to get notice of the fact that their

"interest" was being wiped out via a prior foreclosure it did not receive notice of. The Court said

simply that MERS — or any nominee" didn't have any interest and proves its point by reference

to simple statements in the documents and the simplest of laws and interpretation of the role of

MERS and the requirements of recordation. The splitting or bifurcation of the promissory note or mortgage note and mortgage or deed of trust creates an immediate and fatal flaw in title.

The Kansas Supreme Court went on to cite several other case across the nation and stated: "When the role of a servicing agent [MERS] acting on behalf of a mortgagee is thrown into the mix, it is no wonder that it is often difficult for unsophisticated borrowers to be certain of the identity of their lenders and mortgagees." In re Schwartz, 366 B.R. 265, 266 (Bankr. D. Mass. 2007) and then cited the Supreme Court of New York (Kings County) that said: "[T]he practices of the various MERS members, including both [the original lender] and [the mortgage purchaser], in obscuring from the public the actual ownership of a mortgage, thereby creating the opportunity for substantial abuses and prejudice to mortgagors . . . , should not be permitted to insulate [the mortgage purchaser] from the consequences of its actions in accepting a mortgage from [the original lender] that was already the subject of litigation in which [the original lender] erroneously represented that it had authority to act as mortgagee." Johnson, 2008 WL 4182397, at *4, 873 N.Y.S.2d 234 (2008).

The court viewed MERS as simply a "straw man" when it stated: "The relationship that MERS has to (to holder of a loan) is more akin to that of a straw man than to a party possessing all the rights given a buyer. A mortgagee and a lender have intertwined rights that defy a clear separation of interests, especially when such a purported separation relies on ambiguous contractual language. The law generally understands that a mortgagee is not distinct from a lender: a mortgagee is "[o]ne to whom property is mortgaged: the mortgage creditor, or lender." Black's Law Dictionary 1034 (8th ed. 2004). By statute, assignment of the mortgage carries with

it the assignment of the debt. K.S.A. 58-2323. Although MERS asserts that, under some situations, the mortgage document purports to give it the same rights as the lender, the document consistently refers only to rights of the lender, including rights to receive notice of litigation, to collect payments, and to enforce the debt obligation. The document consistently limits MERS to acting "solely" as the nominee of the lender."

The Missouri court found that, because MERS was not the original holder of the promissory note and because the record contained no evidence that the original holder of the note authorized MERS to transfer the note, the language of the assignment purporting to transfer the promissory note was ineffective. "MERS never held the promissory note, thus its assignment of the deed of trust to Ocwen separate from the note had no force." 284 S.W.3d at 624; see also In re Wilhelm, 407 B.R. 392 (Bankr. D. Idaho 2009) (standard mortgage note language does not expressly or implicitly authorize MERS to transfer the note); In re Vargas, 396 B.R. 511, 517 (Bankr. C.D. Cal. 2008) ("[I]f FHM has transferred the note, MERS is no longer an authorized agent of the holder unless it has a separate agency contract with the new undisclosed principal.

MERS presents no evidence as to who owns the note, or of any authorization to act on behalf of the present owner."); Saxon Mortgage Services, Inc. v. Hillery, 2008 WL 5170180 (N.D. Cal. 2008) (unpublished opinion) ("[F]or there to be a valid assignment, there must be more than just assignment of the deed alone; the note must also be assigned. . . . MERS purportedly assigned both the deed of trust and the promissory note. . . . However, there is no evidence of record that establishes that MERS either held the promissory note or was given the authority . . . to assign the note.").

The Court challenged MERS standing in any foreclosure action when it stated: "What stake in the outcome of an independent action for foreclosure could MERS have? It did not lend the money to Kesler or to anyone else involved in this case. Neither Kesler nor anyone else involved in the case was required by statute or contract to pay money to MERS on the mortgage. [citation omitted] ("MERS is not an economic 'beneficiary' under the Deed of Trust. It is owed and will collect no money from Debtors under the Note, nor will it realize the value of the Property through foreclosure of the Deed of Trust in the event the Note is not paid."). If MERS is only the mortgagee, without ownership of the mortgage instrument, it does not have an enforceable right."

"The mortgage instrument states that MERS functions "solely as nominee" for the lender and lender's successors and assigns. The word "nominee" is defined nowhere in the mortgage document, and the functional relationship between MERS and the lender is likewise not defined. In the absence of a contractual definition, the parties leave the definition to judicial interpretation. What meaning is this court to attach to MERS's designation as nominee for Millennia? The parties appear to have defined the word in much the same way that the blind men of Indian legend described an elephant—their description depended on which part they were touching at any given time. Counsel for Sovereign stated to the trial court that MERS holds the mortgage "in street name, if you will, and our client the bank and other banks transfer these mortgages and rely on MERS to provide them with notice of foreclosures and what not." He later stated that the nominee "is the mortgagee and is holding that mortgage for somebody else." At another time he declared on the record that the nominee "is more like a trustee or more like a

13

corporation, a trustee that has multiple beneficiaries. Now a nominee's relationship is not a trust but if you have multiple beneficiaries you don't serve one of the beneficiaries you serve the trustee of the trust. You serve the agent of the corporation."

In the end, the court summarized that MERS had no standing or right to assert a claim when it stated: "MERS's contention that it was deprived of due process in violation of constitutional protections runs aground in the shallows of its property interest. As noted in the discussion of the first issue above, MERS did not demonstrate, in fact, did not attempt to demonstrate, that it possessed any tangible interest in the mortgage beyond a nominal designation as the mortgagor. It lent no money and received no payments from the borrower. It suffered no direct, ascertainable monetary loss as a consequence of the litigation. Having suffered no injury, it does not qualify for protection under the Due Process Clause of either the United States or the Kansas Constitutions."

In re: MERS v. Saunders (Maine Supreme Court Ruling docket Cum-09-640 August `1, 2010), the Justices concluded:

> In order to enforce a debt obligation secured by a mortgage and note, a party must be in possession of the note.4  *See Premier Capital, Inc. v. Doucette*, 2002 ME 83, ¶ 7, 797 A.2d 32, 34 (describing a note associated with a mortgage as a negotiable instrument). Pursuant to Maine's adoption of the Uniform Commercial Code, the only party entitled to enforce a negotiable instrument is:
>
> **(1)** The holder of the instrument; **(2)** A non-holder in possession of the instrument who has the rights of a holder; or

14

**(3)** A person not in possession of the instrument who is entitled to enforce the instrument

pursuant to section 3-1309 or 3-1418, subsection (4). A person may be a person entitled to

enforce the instrument even though the person is not the owner of the instrument or is in

wrongful possession of the instrument.

11 M.R.S. § 3-1301 (2009). **MERS does not qualify under any subsection of section 3-**

**1301 because, on this record, there is no evidence it held the note, was in possession of**

**the note, was purporting to enforce a lost, destroyed, or stolen instrument** pursuant to

11 M.R.S. § 3-1309 (2009), or was purporting to enforce a dishonored instrument pursuant

to 11 M.R.S. § 3-1418(4) (2009).


And further concludes:

*In summary,* ***we hold that MERS could not institute this foreclosure action and invoke***

***the jurisdiction of our courts because it lacks an enforceable right in the debt that***

***secures the mortgage.*** *Although MERS lacked standing in the present case, the*

*jurisdictional flaw was corrected when the court appropriately granted the Bank's motion*

*for substitution. The court erred, however, in granting the Bank's "renewed" motion for*

*summary judgment, both because the Rules of Civil Procedure do not allow for*

*reconsideration or amendment in the absence of a final judgment, and because the motion,*

*even as amended, did not support a conclusion that the Bank was entitled to judgment as a*

*matter of law.*

15

## **Forgery and Notary Fraud Was Found**

Upon extensive review of the mortgage note and transaction on said property, 12305 Quilt Patch Lane, Bowie, Maryland  20720, Page 6 and Page 12 of both the first and second mortgages on the property is a notary page. (Pages 6 and 12 – the original mortgage documents are on legal sheets therefore the top and bottom of the alleged notary pages are copied and attached -Exhibit J). Notice on both pages that the name of the Plaintiff, Theresa D. Royal is written in long hand and is not Plaintiff's handwriting and is not an original "wet ink" signature as is customary for notarized documents in the state of Maryland.  In addition, there is no Notary seal affixed, nor did the Closer, Carrie Hellbach, sign the document.

Moreover, the initials at the bottom of the page were not initialed by the Plaintiff and Plaintiff contends that her initials were forged on both notary documents in this Deed of Trust. Plaintiff also contends that she did not make any oaths to said Notary Public, Sharon G. Fowler, nor was Ms. Fowler at the Maximum Title Office where this mortgage transaction took place on December 14, 2005.  In addition, there is another person listed, Wanda DeBord, for Anne Arundel County.  The said property is in Prince George's County, Maryland and Plaintiff has no knowledge of who Ms. Debord is or what role she plays in this mortgage transaction.  This document is a complete fabrication.  (Please also thoroughly review the MCI Chain of title Analysis and Mortgage Investigation – Exhibit "F").  Therefore, Plaintiff concludes the entire original mortgage note and deed of trust was fraudulent and is an unenforceable contract.

16

## **CONCLUSION**

To provide proof of claim, the Defendant must produce the original wet ink signature as evidence showing the true chain of title transfer leading to the Defendant, endorsing the Defendant as the Holder in Due Course.  The Defendant's reliance on MERS's assignment has no standing and is not enforceable.

Moreover, the evidence presented  showing  fraud and forgery of the notarized document should deem this alleged Deed and Note of Trust not enforceable.

Respectfully Submitted,

_/s/ Theresa Dawn Royal_
Theresa Dawn Royal, Plaintiff (Pro Se)

17

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this document was filed with the Clerk of the Bankruptcy Court for the District of Maryland and will be provided to the following parties by email or U.S. Mail this 11th day of December, 2018: Timothy P. Branigan, 9891 Broken Land Pkwy., Ste 301, Columbia, MD 21046, Chapter 13 Trustee; Gene Jung, Esq., Brock & Scott, PLLC, 7564 Standish Place, Ste. 115, Rockville, MD 20855, Counsel for The Bank of New York Mellon.

*/s/ Theresa Dawn Royal*
Theresa Dawn Royal, Debtor, Pro Se

18

# EXHIBIT  "A"

## (Alleged Proof of Claim From Bank of New York Mellon – Claim No. 2-1)